**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                           **Case No. 4:22-cr-00338 KGB**

**JEREMY ROBERT WARD**                                          **DEFENDANT**

<u>**ORDER**</u>

On January 11, January 19, and January 22, 2024, the Court conducted pretrial conferences with counsel for the United States, defendant Jeremy Robert Ward, and counsel for Mr. Ward. The Court made the following rulings and addressed the following matters:

1.       The Court will inform the jury to expect that trial will take three to four days.  The Court reviewed with counsel and defendant an anticipated schedule for trial, with the understanding that the schedule may be modified as the need arises during the course of trial based on juror schedules and counsels' schedules, requests for recesses, and other matters.

2.       The Court will seat a 12-person jury with two alternates.  Defendant will be permitted 10 preemptory strikes to the 12-person panel and one strike to the alternate-panel.  The government will be permitted six preemptory strikes to the 12-person panel and one strike to the alternate-panel.

3.       The Court's practice is to instruct before closing and to send an agreed-upon, admitted set of exhibits and one set of instructions to the jury room during deliberation.

4.       The Court admonishes the parties to ensure that questions for witnesses are tailored and specific.  The Court will not tolerate broad, vague questions that will only confuse the jury.

5.       The Court distributed a proposed summary of the operative superseding indictment. The government made on-the-record requests for edits to the description of count one to include

"or enticement" and counts two through seven to include "or production."  Defendant did not object to these requested edits.

The defendant proposed edits to the summary of the operative superseding indictment with respect to count one and the alleged underlying state offense or state offenses with which the defendant could be charged.  The Court declined to make the proposed edits requested by the defense, determining that the summary is a correct summary of the federal law with respect to count one and that the defendant's proposed edits are directed to the elements of the offense and current disputes before the Court regarding proposed jury instructions.

6.      Defendant will waive his right to be present at any bench conferences that might occur.

7.      The parties agreed that all plea offers made by the government were conveyed to Mr. Ward and that he declined any such offers.

8.      Before the Court is the government's oral motion *in limine* regarding sentencing. The government requests that the Court exclude as irrelevant all evidence, testimony, and argument regarding any potential sentence that could result from conviction.  The defendant does not oppose this motion.  The Court grants the motion and rules that the parties, their witnesses, and counsel should refrain from presenting any evidence, testimony, or argument before potential jurors and jurors seated to hear this case about any potential sentence that the defendant may face if convicted.

9.      Before the Court are three under seal motions *in limine* (Dkt. Nos. 34; 37; 39).  The Court entered separate under seal Orders ruling on these under seal motions (Dkt. No. 50; 51).

10.      Before the Court is the defendant's first motion *in limine* to exclude Snapchat messages (Dkt. No. 58).  Counsel for the government responded orally to the motion at the pretrial

conference on January 22, 2024.  Based on the government's anticipated proof at trial as represented by counsel for the government and that the government has the original ZIP file of the Snapchat messages available for inspection and copying by the defendant, with the acknowledgment of an on-the-record discussion among counsel of certain items that may be extracted before copying the ZIP file by the defendant, the Court determines that Federal Rule of Evidence 1006 applies to the Snapchat messages the government anticipates presenting as proof. For these reasons and for the reasons explained on the record at the pretrial conference on January 22, 2024, the Court denies the defendant's first motion *in limine* to exclude Snapchat messages (Dkt. No. 58).

11.    Before the Court is defendant's second motion *in limine* to exclude Snapchat messages (Dkt. No. 59).  Counsel for the government responded orally to the motion at the pretrial conference on January 22, 2024.  For the reasons explained on the record at the pretrial conference on January 22, 2024, and in the written under seal Order addressing these messages, the Court denies the defendant's second motion *in limine* to exclude Snapchat messages (Dkt. No. 59).  The Court determines that the Snapchat messages of the users other than the defendant are not being offered for the truth of the matter asserted and instead are being offered for context.  The Snapchat messages of the defendant fall under Federal Rules of Evidence 801(d)(2) and 404(b) for the reasons explained by the Court.

12.    The Court will advise the jury that, from time to time, counsel and assistants may need to move in and out of the courtroom and that the jury should draw no negative conclusion from that.

It is so ordered this 22nd day of January, 2024.

Kristine G. Baker
Chief United States District Judge